. PAYNE, *alias* DUKY, *v.* THE STATE.

No. 10513.   FEBRUARY 14, 1935.

*R. G. Turner,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, B. D. Murphy, J. T. Goree, J. W. LeCraw, E. A. Stephens,* and *E. J. Clower,* contra.

HUTCHESON, Justice.   Robert Payne, alias Duky, was tried on an indictment charging him with the offense of murdering Will Barrows by cutting, stabbing, and wounding him with a knife. The defendant was convicted, and was given a death sentence. His motion for new trial was overruled, and he excepted.

The only special ground of the motion for new trial assigns error on the admission of the testimony of Jennie Mae Bouie, claimed to be the common-law wife of defendant. The investigation by the court as to this feature was as follows: "Q. Did you say awhile ago that you went by the name of Jennie Mae Bouie? A. He asked my real name. Q. Have you ever used any other name than Bouie? A. Yes, sir, I go under the name of Payne. Q. Where has that name been used; where did you ever go by that name? A. Just like any one write or anything; they write me Jennie Mae Payne. Q. Where did you ever give that name? A. Several places. Q. Where? A. Well, at real-estate offices and furniture store and a heap of places. Q. And you lived together all the time since 1927? A. Yes, sir. Q. Haven't you been separated since then? A. I left there in February. Q. Of this year? A. Yes, sir. Q. Where did you go? A. To Chattanooga. Q. Did you go there to stay? A. No, sir, I did not intend to stay. I stayed up there a month. Q. When did you come back? A. I don't exactly know. I know it was on Saturday. Q. Where did you go when you came back? A. To where we lived. Q. To living with him? A. Yes, sir. Q. Did you and he ever say anything between you about being husband and wife? A. No, sir, I just lived with him. He said that he was going to marry me, but he never did get the money to marry."

The judge overruled the objection to the testimony, and allowed the witness to testify.

The question of a man and his common-law wife has often been discussed in our reports, but in most instances it was a question involved in civil cases. In a criminal case, as at present before us, we are constrained to hold that the ruling stated in *Hill* v. *State*, 41 *Ga.* 484, is controlling, and that the witness was competent and was properly allowed to testify.

 The other assignments of error contain no merit, and the evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs in the judgment.